■ LINCOLN CO-OP APARTMENTS, INC., Appellant, v FINANCE ADMINISTRATION OF THE CITY OF NEW YORK et al., Respondents. — In a consolidated proceeding to review assessments (for purposes of taxation) on certain real property, petitioner appeals from a judgment of the Supreme Court, Kings County (Ventiera, J.), entered June 6, 1979, which dismissed the petitions on the merits and confirmed the assessments for each year. Judgment affirmed, with costs. The decision of Special Term on all issues was within the range of the evidence and was free from error. In determining values, both experts treated the subject six-building co-operative complex as rental property and capitalized estimated income. Petitioner's expert, however, reduced the number of rentable rooms from 1,297 to 1,273½, by providing for five superintendent's apartments. Petitioner claims that, as a practical matter as well as under section 83 of the Multiple Dwelling Law, an extra degree of superintendence would be required for the subject complex were it a rental property. However, we find, in view of the present supervision of the six-building complex by a single superintendent, and the close location of the buildings to each other, that petitioner did not establish that five superintendents would be required for the subject complex as a rental property, either practically or

legally. We further find no basis for disturbing the capitalization rate found by Special Term. Although petitioner's expert utilized and explained the "built-up" method of establishing his capitalization rate (11%), and the city's expert did not explain the method by which he derived his rate (9.75%), Special Term (which found 10% to be "adequate") was not bound to automatically accept the rate advanced by petitioner's expert. Petitioner asserts that the "built-up" method has been often sanctioned by the courts. Citing "Real Estate Appraisal and Investment" (1969 ed), by Kahn, Case & Schimmel, petitioner further argues that this method "is one which is generally accepted in the appraisal field." It is to be noted, however, that the method is not totally without its critics. The second edition (Kahn & Case) of the very same text states (p 152): "The degree of subjective selection and the ease of manipulation, especially of the risk-rate feature, are serious handicaps to the use of this method. Its reliance on factors divorced from the money market, except the base rate, has led many appraisers to condemn its use." At the trial petitioner unsuccessfully attempted to place into evidence a judicial decision fixing valuations for the subject property for prior years. Petitioner argues that the values in that prior decision (as set forth in its brief) should have been given significant consideration. We note, however, that the report and testimony of both experts make no mention whatsoever of that prior decision. To derive value, both experts relied instead upon comparable rentals for the years subsequent to the years involved in the prior decision and close to or in the years presently under review. Also, it appears from petitioner's brief that there is a three-year span between the last year under review in the prior decision and the first year under review in the present proceeding. Under all the circumstances, we find no error. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.